IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOY SCOUTS OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:15-CV-02420-B |
| NATIONAL UNION FIRE INSURANCE | § | |
| COMPANY OF PITTSBURGH, Pa., | § | |
|     Defendant. | § | |

**BRIEF IN SUPPORT OF NATIONAL UNION'S MOTION FOR PARTIAL
DISMISSAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**

TO THE HONORABLE COURT:

Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") files this Brief in Support of its Motion for Partial Dismissal Under Federal Rule of Civil Procedure 12(b)(1) as follows:

**I.
INTRODUCTION AND BACKGROUND**

Plaintiff Boy Scouts of America ("BSA") filed this declaratory judgment action pursuant to the Declaratory Judgment Act, 28 U.S.C. §2101, *et seq.*, seeking, in part, a judgment declaring that National Union is obligated to pay future defense costs and indemnity payments for certain unspecified, unfiled "Potential Future Lawsuits."[1] (Dkt. #1, ¶¶19-20, 25-26). This Motion to Dismiss concerns only the part of BSA's declaratory judgment claim seeking a declaration with respect to these "Potential Future Lawsuits."[2] Specifically, with respect to these "Potential Future Lawsuits," BSA alleges that it "believes it may in the future be named as a defendant in

---

[1] BSA's Original Complaints also asserts a Breach of Contract claim, which is not relevant to the merits of this motion and is therefore not addressed.
[2] BSA's declaratory judgment claim also seeks a declaration with respect to National Union's duties regarding allegedly existing "Underlying Lawsuits."

BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL DISMISSAL – PAGE 1

2253752v6
08414.797

lawsuits by individuals alleging bodily injury that occurred at various times between January 1, 1975 and January 1, 1979." (Dkt. #1, ¶19).  BSA asserts that "[i]f named in *Potential Future Lawsuits*, BSA will incur defense costs and may also incur the costs of settlements and/or judgments." (Dkt. #1, ¶20) (emphasis added).  BSA further alleges that "National Union *may* in the *future* fail to honor and dispute its coverage obligations to BSA under the National Union Policies to pay defense costs or to satisfy the amount of any settlements made or judgments entered in Potential Future Lawsuits." (Dkt. #1, ¶25) (emphasis added).  Based on these allegations, BSA asserts that an "actual and justiciable controversy exists between BSA and National Union regarding the rights and obligations of BSA and National Union" under certain "National Union Polices." (Dkt. #1, ¶26).

The portion of BSA's declaratory judgment claim concerning "Potential Future Lawsuits" is neither ripe nor justiciable because adjudication of National Union's potential defense and indemnity obligations requires the existence of a claim or filed lawsuit.  Without a claim or suit, the Court has no basis to adjudicate these potential duties and would have no option but to issue a premature, advisory opinion speculating about National Union's potential duties based on future, undefined claims, allegations and events that may never be asserted or take place.  Accordingly, this Court should dismiss under Rule 12(b)(1) that portion of BSA's declaratory judgment claim seeking a declaration regarding "Potential Future Lawsuits" because that claim is not ripe for adjudication, thus depriving this Court of subject matter jurisdiction to adjudicate it.

## II.
### ARGUMENT AND AUTHORITIES

**A.    BSA's Declaratory Judgment Claim Seeking a Declaration Regarding "Potential Future Lawsuits" Should be Dismissed Under Rule 12(b)(1) Because That Claim Is Not Ripe.**

1.    *Federal Rule of Civil Procedure 12(b)(1).*

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) asserts that the Court lacks the authority to hear the dispute. *See* Fed. R. Civ. P. 12(b)(1); *see also In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. [La.] 2012) ("Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim.").

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute,...which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Am. Const. Benefits Grp., LLC v. Zurich Am. Ins. Co.*, No. 3:12-CV-2726-D, 2014 WL 144974, at *2 (N.D. Tex. Jan. 15, 2014) (Fitzwater, C.J.) (first assessing on a Rule 12(b)(1) motion whether the plaintiff had "standing under Article III to seek a declaratory judgment").

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. [Tex.] 2001).  A Rule 12(b)(1) motion can mount either a facial or factual challenge. *See Hunter v. Branch Banking & Trust Co.*, No. 3:12-CV-2437-D, 2013 WL 607151, at *2 (N.D. Tex. Feb. 19, 2013) (Fitzwater, C.J.) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. [Tex.] 1981).  When a party files a Rule 12(b)(1) motion without including evidence, the challenge to subject matter jurisdiction is facial. *See American Const. Benefits Group, LLC*, 2014 WL 144974 at *1.

Notably, a "court assesses a facial challenge as it does a Rule 12(b)(6) motion in that it 'looks only at the sufficiency of the allegations in the pleading and assumes them to be true.'" *Id.* (citing *Hunter*, 2013 WL 607151 at *2); *see also Williams v. Wynne*, 533 F.3d 360, 365 n. 2 (5th Cir. [La.] 2008) (stating that the standard for reviewing a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is similar to that applicable to motions to dismiss under Rule 12(b)(6)).  To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level [.]").

        2.    *The Declaratory Judgment Standard and the Ripeness Requirement.*

The Declaratory Judgment Act allows a federal court, in the case of an "actual controversy within its jurisdiction," to "declare the rights and other legal relations of any interested party." 28 U.S.C. §2201(a).  To meet the case-or-controversy requirement of Article III, a declaratory judgment dispute must "be definite and concrete, touching the legal relations of parties having adverse legal interests; and…be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical set of facts." *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 127 (2007) (citations and internal punctuation omitted).

"As with all cases, one part of the case-or-controversy requirement is that declaratory judgment actions be ripe for adjudication." *Triyar Companies, LLC v. Lexington Ins. Co.*, No. 3:12-CV-294, 2013 WL 3280033, at *2 (S.D. Tex. June 27, 2013); *see also First Mercury Ins. Co. v. Horizon Roofing, Inc.*, No. 3:12-CV-03393-O, 2013 WL 1481988, at *1 (N.D. Tex. Apr. 9, 2013) ("A declaratory judgment action is ripe for adjudication only if an actual controversy exists.") (citation omitted). "Ripeness is a justiciability doctrine designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *National Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807 (2003).

Importantly, "[b]ecause ripeness is a component of subject matter jurisdiction, a court does not have the power to decide claims that are not yet ripe." *Avalon Residential Care Homes, Inc. v. City of Dallas*, No. 3:11-cv-1239-D, 2011 WL 4359940, at *5 (N.D. Tex. Sept. 19, 2011) (citation omitted).

>  3.  *BSA's Declaratory Judgment Claim Seeking Adjudication With Respect to "Potential Future Lawsuits" Is Not Ripe Because National Union's Alleged Duties Are Dependent Upon the Existence of a Claim or Filed Action.*

BSA's declaratory judgment claim seeks, in part, a "judicial declaration…to determine BSA's rights and National Union's duties regarding…Potential Future Lawsuits, [and] particularly…National Union's obligation to pay future defense costs and indemnity payments for Potential Future Lawsuits that implicate one or more of the National Union Policies." (Dkt. #1, ¶26). This portion of BSA's declaratory judgment claim is not ripe because National Union's alleged duties depend upon the existence of a claim or filed action and this portion of BSA's declaratory judgment claim only implicates unfiled, "[p]otential" lawsuits that do not currently exist and may never exist. *See, e.g., American Const. Benefits Group, LLC*, 2014 WL

144974 at *1-4 (dismissing declaratory judgment claim seeking adjudication of insurer's duties with respect to unfiled suit on ripeness grounds because without a filed suit it was not possible for the court to evaluate the insurer's potential defense and indemnity duties); *In re Jillian Morrison, LLC*, 482 Fed.Appx. 872 (5th Cir. [La.] 2012) (affirming district court's dismissal of declaratory judgment action seeking declaration of additional insured coverage for lack of ripeness because no complaint had yet been filed against the putative additional insured); *Union Ins. Co. v. Soleil Group, Inc.*, 465 F.Supp.2d 567 (D. S.C. 2006) (dismissing insurer's declaratory judgment claim seeking a declaration concerning its duties with respect to certain potential claims against its insured as unripe because no suit had yet been filed).

Indeed, without a claim or filed complaint, this Court would be forced to entangle itself in an abstract disagreement and render a premature adjudication based on sheer speculation about what the allegations in any "potential", "future" complaint or claim could consist of.

Under Texas law, courts apply the "eight corners" rule to determine an insurer's defense obligations. *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006).

> Under the eight-corners rule, two documents determine an insurer's duty to defend—the insurance policy and the third-party plaintiff's pleadings in the underlying litigation. If the underlying pleadings allege facts that may fall within the scope of coverage, the insurer has a duty to defend; if the pleading only alleges facts excluded by the policy, there is no duty to defend.

*ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 840 (5th Cir. [Tex.] 2012) (citation, alterations, and internal quotation marks omitted). "Because the only two documents relevant to the duty-to-defend inquiry are the insurance policy and the petition, an insurer's duty to defend can be determined *at the moment the petition is filed*." *Id.* (emphasis added).

Accordingly, because no filed complaints exist with respect to "Potential Future Lawsuits," and because BSA has not alleged the existence of any claims or suits implicating "Potential Future Lawsuits," this Court cannot determine National Union's potential defense obligations because without a claim or filed complaint there is nothing upon which the Court can predicate its judgment.  Without a claim or filed complaint, an adjudication of National Union's potential defense obligations would constitute nothing more than an advisory opinion based on speculation about possible future events—the exact sort of improper, premature adjudication the ripeness doctrine was designed to prevent.  Thus, BSA's request for a declaration of National Union's defense obligations regarding "Potential Future Lawsuits" is not ripe for adjudication and should be dismissed.

Similarly, without a filed lawsuit, this Court also has no means of adjudicating National Union's potential indemnity obligations.  Under Texas law, "[a] suit for indemnity does not arise until some liability is established and made fixed and certain.  This does not occur until judgment is rendered or until the lawsuit is settled." *In re State Line Fireworks, Inc.*, 387 S.W.3d 27, 32 (Tex. App. – Texarkana 2012, no pet.) (quoting *Ingersoll–Rand Co. v. Valero Energy Corp.,* 997 S.W.2d 203, 208 (Tex. 1999)) (citation and internal quotation marks omitted). Once liability has been established, the "duty to indemnify is determined based on the facts actually established in the underlying suit." *Burlington N. & Santa Fe Ry. Co. v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 334 S.W.3d 217, 219 (Tex. 2011) (citation omitted).

Texas does, however, recognize that an insurer can obtain a declaration regarding the duty to indemnify "when the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." *Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997) (emphasis omitted);

*see also Nat'l Am. Ins. Co. v. Breaux,* 368 F.Supp.2d 604, 620 (E.D. Tex. 2005) ("[I]t is now settled in Texas that a justiciable controversy exists such that an insurer's duty to indemnify an insured may be determined before a judgment is obtained in the underlying lawsuit."). However, this exception is inapplicable here and, in any event, is predicated on the existence of a filed lawsuit, which does not exist with respect "Potential Future Lawsuits." Indeed, absent a filed complaint, there is no claim, and absent a claim, there is nothing to indemnify. Thus, BSA's request for a declaration regarding National Union's indemnity obligations with respect to "Potential Future Lawsuits" is not ripe for adjudication and should be dismissed.

### III.
#### CONCLUSION

Consequently, based on the foregoing, that portion of BSA's declaratory judgment claim seeking a declaration regarding "Potential Future Lawsuits" should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction as an unripe claim.

WHEREFORE, National Union respectfully requests that the Court dismiss that portion of BSA's declaratory judgment claim seeking a declaration with respect to "Potential Future Lawsuits," and to grant all such other and further relief to which National Union may be justly entitled.

        Respectfully submitted,

        s/Ellen Van Meir
        Ellen Van Meir
        State Bar No. 00794164
        evanmeir@thompsoncoe.com
        David R. DuFlo
        State Bar No. 24092364
        dduflo@thompsoncoe.com

        THOMPSON, COE, COUSINS & IRONS, L.L.P.
        700 N. Pearl Street, 25th Floor
        Plaza of the Americas
        Dallas, Texas 75201-2832
        (214) 871-8200
        (214) 871-8209 - FAX

        COUNSEL FOR DEFENDANT, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, Pa.

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 26, 2015, a true and correct copy of the foregoing document was served through the CM/ECF Filing System to defendant's counsel of record, R. Brent Cooper and Lauren Tow, COOPER & SCULLY, P.C., 900 Jackson Street, Suite 100, Dallas, Texas 75202.

        s/Ellen Van Meir
        Ellen Van Meir