IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOY SCOUTS OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:15-CV-02420-B |
| NATIONAL UNION FIRE INSURANCE | § | |
| COMPANY OF PITTSBURGH, Pa., | § | |
|     Defendant. | § | |

**DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, Pa.'S
PARTIAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") files this Partial Answer to Plaintiff Boy Scouts of America's ("BSA") Original Complaint, and would respectfully show as follows:

**NATURE OF ACTION**

1.   National Union admits that BSA brings this action to confirm National Union's alleged past, current and future obligations under sixteen (16) umbrella and/or excess policies BSA alleges National Union issued to BSA. National Union further admits that the existence (or lack thereof) and terms of those policies has been a source of disagreement between BSA and National Union. National Union denies all other remaining allegations in Paragraph 1.

**IDENTITY OF THE PARTIES**

2.   National Union is without sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 2, and therefore, denies these allegations.

3.   National Union admits the allegations in Paragraph 3.

## JURISDICTION AND VENUE

4. The allegations in Paragraph 4 are conclusions of law for which no admission or denial is required. To the extent a response is required, National Union denies that this Court has subject matter jurisdiction over the portion of BSA's declaratory judgment claim concerning "Potential Future Lawsuits." National Union is without sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 4, and therefore, denies these allegations.

5. National Union admits that it has issued insurance policies to entities in Texas insuring against certain risks. The remainder of the allegations in Paragraph 5 are conclusions of law for which no admission or denial is required. To the extent a response is required, National Union is without sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 5, and therefore, denies these allegations.

## FACTUAL ALLEGATIONS

**The National Union Umbrella/Excess Policies**

6. National Union admits that it issued to BSA Policy No. 1151554, with effective dates of January 1, 1976 to January 1, 1977; Policy No. BE 1151559, with effective dates of January 1, 1976 to January 1, 1977; Policy No. 1151590, with effective dates of January 1, 1977 to January 1, 1978; Policy No. BE 1218255, with effective dates of January 1, 1977 to January 1, 1978; and Policy No. CE 1157777, with effective dates of January 1, 1978 to January 1, 1979. National Union is without sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 6, and therefore, denies these allegations.

7. National Union is without sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 7, and therefore, denies these allegations.

8. National Union is without sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 8, and therefore, denies these allegations.

9. National Union is without sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 9, and therefore, denies these allegations.

10. National Union is without sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 10, and therefore, denies these allegations.

11. National Union is without sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 11, and therefore, denies these allegations.

12. National Union is without sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 12, and therefore, denies these allegations.

13. National Union admits that it issued to BSA Policy No. 1151554, with effective dates of January 1, 1976 to January 1, 1977. National Union also admits that some payments have been under Policy No. 1157777. National Union is without sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 13, and therefore, denies these allegations.

**The Underlying Lawsuits**

14. National Union admits that BSA has been named in certain lawsuits or given notice of certain pre-lawsuit claims by individuals alleging sexual abuse that allegedly occurred sometime after 1975. National Union is without sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 14, and therefore, denies these allegations.

15. National Union admits that BSA provided it with notice of certain claims alleging sexual abuse that allegedly occurred sometime after 1975. National Union is without sufficient

knowledge to form a belief as to the truth of the remaining allegations in Paragraph 15, and therefore, denies these allegations.

16. National Union is without sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 16, and therefore, denies these allegations.

17. National Union denies that it owes BSA any reimbursement with respect to the "Underlying Lawsuits." National Union denies the remaining allegations in Paragraph 17.

18. National Union is without sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 18, and therefore, denies these allegations.

**The Potential Future Lawsuits**

19. The allegations in Paragraph 19 are currently the subject of a Rule 12(b)(1) Motion to Dismiss and therefore no response is required. However, to the extent a response is required, National Union is without sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 19, and therefore, denies these allegations.

20. The allegations in Paragraph 20 are currently the subject of a Rule 12(b)(1) Motion to Dismiss and therefore no response is required. However, to the extent a response is required, National Union is without sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 20, and therefore, denies these allegations.

COUNT I
(Declaratory Relief)

21. National Union repeats and reasserts its responses to the allegation in Paragraphs 1 through 20 as if fully set forth herein.

22. Paragraph 22 does not contain an allegation for which an admission or denial is required. To the extent a response is required, National Union denies the allegations in Paragraph 22.

23. Paragraph 23 does not contain an allegation for which an admission or denial is required. To the extent a response is required, National Union denies the allegations in Paragraph 23.

24. National Union denies the allegations in Paragraph 24.

25. The allegations in Paragraph 25 are currently the subject of a Rule 12(b)(1) Motion to Dismiss and therefore no response is required. However, to the extent a response is required, National Union is without sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 25, and therefore, denies these allegations.

26. The allegations in Paragraph 26 regarding "Potential Future Lawsuits" are currently the subject of a Rule 12(b)(1) Motion to Dismiss and therefore no response is required as to those allegations. However, to the extent a response is required, National Union denies these allegations. National Union denies that BSA is entitled to the relief it seeks. The remaining allegations in Paragraph 26 are conclusions of law for which no admission or denial is required. However, to the extent a response is required, National Union also denies these allegations.

## COUNT II
### (Breach of Contract)

27. National Union repeats and reasserts its responses to the allegations in Paragraphs 1 through 26 as if fully set forth herein.

28. National Union is without sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 28, and therefore, denies these allegations.

29. National Union denies the allegations in Paragraph 29.

30. National Union denies the allegations in Paragraph 30.

**AFFIRMATIVE DEFENSES**

31. Coverage under any of the policies allegedly issued to BSA by National Union may be barred or limited by the terms, provisions, conditions, exclusions, exceptions or limitations set forth in those policies.

32. Coverage under any of the policies allegedly issued to BSA by National Union may also be barred or limited by the terms, provisions, conditions, exclusions, exceptions or limitations set forth in the applicable underlying policies.

33. To the extent that National Union is obligated to reimburse and/or indemnify BSA for any amount paid in defense or settlement of the Underlying Lawsuits, BSA bears the burden to apportion between claims that are covered under the policies allegedly issued to BSA by National Union and the claims that are not covered under those policies.

34. To the extent that National Union is obligated to reimburse and/or indemnify BSA for any amount paid in defense or settlement of the Underlying Lawsuits, National Union is entitled to contribution from BSA's other insurers.

35. To the extent National Union is held liable for any amounts paid in defense or settlement of the Underlying Lawsuits, National Union is entitled to equitable subrogation or contribution, in whole or in part, from BSA's insurers on the risk during the policy period(s) in which coverage is triggered.

36. National Union's liability, if any, cannot attach unless and until there has been an exhaustion of the limits of all applicable underlying policies. Accordingly, to the extent the limits of the applicable underlying policies have not been exhausted, the allegedly issued National Union policies have not been triggered.

37. To the extent some or all of the underlying allegations in the Underlying Lawsuits do not constitute an "accident" or "occurrence" within the meaning of the allegedly issued National Union policies, the allegedly issued National Union policies provide no coverage.

38. BSA has failed to present evidence of any "accident" or "occurrence" occurring within a policy period of any of the allegedly issued National Union policies. "[A]ccident[s]" and "occurrence[s]" falling outside the policy periods of any allegedly issued National Union policy are not covered.

39. BSA has failed to present evidence of any claims falling within the insuring agreement of any of the allegedly issued National Union policies. Claims falling outside the insuring agreement of any of these allegedly issued policies are not covered.

40. National Union seeks and asserts a set-off or allocation of any liability on its part to the extent provided by law, equity or contract based upon the alleged existence of coverage provided by others or payments made by others.

41. BSA's claims are barred, in whole or in part, to the extent BSA breached any of the conditions in any of the allegedly issued National Union policies.

42. BSA's claims are barred, in whole or in part, to the extent BSA breached any voluntary payment provision contained within any of the allegedly issued National Union policies.

43. BSA's claims are barred, in whole or in part, to the extent BSA failed to provide notice in accordance with the notice provisions contained within any of the allegedly issued National Union policies.

44. BSA's claims are barred, in whole or in part, by the applicable statute of limitations and/or by the doctrines of waiver, estoppel and/or latches.

45. BSA's claim for attorney's fees under its declaratory judgment claim is barred and/or not recoverable as a matter of law.

46. BSA's request for a judicial declaration to determine the rights and duties of the parties with respect to "Potential Future Lawsuits" constitutes a non-justiciable controversy because that claim is not ripe.

47. The Court lacks subject matter jurisdiction over one or more of BSA's claims.

48. BSA's claims are subject to dismissal and must fail because they fail to state a claim upon which relief can be granted.

49. To the extent BSA failed to present any claim for defense costs or settlement payments to National Union prior to the commencement of this action, BSA's purported breach of contract claim is barred, in whole or in part.

50. National Union may have additional affirmative defenses that are presently unknown. National Union reserves the right to amend this answer to state additional affirmative defenses.

## PRAYER

51. National Union respectfully prays that BSA take nothing by reason of this suit, that BSA's claims be dismissed with prejudice, that all costs be assessed against BSA, and that National Union be awarded all such other and further relief to which it may be justly entitled.

                                Respectfully submitted,

                                s/Ellen Van Meir
                                Ellen Van Meir
                                State Bar No. 00794164
                                evanmeir@thompsoncoe.com
                                David R. DuFlo
                                State Bar No. 24092364
                                dduflo@thompsoncoe.com

                                THOMPSON, COE, COUSINS & IRONS, L.L.P.
                                700 N. Pearl Street, 25th Floor
                                Dallas, Texas 75201-2832
                                (214) 871-8200
                                (214) 871-8209 - FAX

                                COUNSEL FOR DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, Pa.

## CERTIFICATE OF SERVICE

      The undersigned certifies that on August 26, 2015, a true and correct copy of the foregoing document was served through the CM/ECF Filing System to defendant's counsel of record, R. Brent Cooper and Lauren Tow, COOPER & SCULLY, P.C., 900 Jackson Street, Suite 100, Dallas, Texas 75202.

                                s/Ellen Van Meir
                                Ellen Van Meir