**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BOY SCOUTS OF AMERICA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | **C.A. NO. 3:15-CV-02420-B** |
| **NATIONAL UNION FIRE INSURANCE** | § | |
| **COMPANY OF PITTSBURGH, PA,** | § | |
| **Defendant.** | § | |

---

**BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL DISMISSAL**
**UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1)**

---

**TO THE HONORABLE JUDGE BOYLE:**

COMES NOW, Plaintiff Boy Scouts of America ("BSA") to file this Opposition to the Motion for Partial Dismissal filed by Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("NUFIC"), and in support thereof would respectfully show as follows:

## I.      BASIS FOR MOTION

BSA seeks an Order from this Court denying NUFIC's Motion for Partial Dismissal.

## II.      INTRODUCTION AND BACKGROUND

This insurance coverage action arises from a dispute over the existence and terms of sixteen (16) umbrella and/or excess insurance policies NUFIC issued to BSA.  (Dkt. 1 ¶ 1.) NUFIC continually denied the existence of the policies and its obligations thereunder, despite the evidence BSA has furnished to it over the years.  BSA was sued in several actions (the

ME1 21148345v.1

"Underlying Suits") and has been given pre-suit notices of other claims (the "Potential Future Suits"). (*Id.* ¶ 14.) BSA tendered notice to NUFIC, and NUFIC admits it is aware of the suits and the pre-suit notices. (Dkt. 12 ¶ 13.) However, NUFIC repeatedly refuses to participate in the defense or settlement of any of the Underlying Suits, and is likely to similarly refuse to participate if the Potential Future Suits are filed. (Dkt. 1 ¶ 15.) Because of NUFIC's refusal, BSA has incurred and will continue to incur losses as it defends itself. (*Id.* ¶¶ 16-20.)

BSA filed this action on July 21, 2015, seeking declaratory relief and claiming breach of contract. (Dkt. 1.) Specifically, BSA requested that this Court declare that BSA provided sufficient evidence to prove the policies exist and declare BSA's and NUFIC's respective rights and obligations pursuant to the policies. (*Id.* ¶ 1.) BSA also requested a ruling that the policies cover its losses and defense costs in the Underlying Suits. (*Id.* ¶ 23.)

NUFIC's motion for partial dismissal confuses the relief BSA seeks. BSA does not seek a ruling from this Court that NUFIC definitely has defense and coverage obligations for the Potential Future Suits. With respect to the Potential Future Suits, BSA only asks that this Court: (1) determine the existence and terms of the sixteen policies; and (2) issue a declaration that the determination is applicable to the Underlying Suits and any Potential Future Suits falling in NUFIC's policy years. In essence, BSA seeks to conserve resources and avoid potential inconsistent results in later coverage actions by determining, once and for all, the existence and terms of the policies.

### III.   ARGUMENT AND AUTHORITIES

#### A.   BSA's Declaratory Judgment Action Is A Ripe Controversy

The requirements for relief under the Federal Declaratory Judgment Act are well-settled.

To be justiciable, a declaratory judgment action must be ripe. *Wright v. Spindletop Films, L.L.C.*, 830 F. Supp. 2d 280, 284 (S.D. Tex. 2011) *on reconsideration in part*, 845 F.

Supp. 2d 783 (S.D. Tex. 2012). A suit is ripe when an "actual controversy" exists between the parties. *Id.* (citing *Vantage Trailers, Inc. v. Beall Corp.,* 567 F.3d 745, 748 (5th Cir.2009)). An actual controversy "must be definite and concrete, real and substantial, and admit of specific relief through a decree of a conclusive character." *Id.* Although parties cannot use a declaratory judgment action to seek an advisory opinion as to what the law would be on a hypothetical set of facts, declaratory judgment plaintiffs do not need to wait to be exposed to liability before bringing suit. *Id.*

The United States Supreme Court recognizes that the test for actual controversy is "necessarily one of degree." *Evers v. Dwyer*, 358 U.S. 202, 203 (1958); *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). The question courts must answer in each case is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). As a well-respected treatise aptly explained:

> Declaratory relief should be granted when parties have assumed conflicting adverse positions respecting their legal or equitable rights or duties…their dispute being concerned with an existing set of facts and the proceeding being such that it will culminate in a final judgment settling their legal relations and giving relief from their uncertainty, and res judicata in subsequent proceedings.

1 McDonald & Carlson Tex. Civ. Prac. § 4:12 (2d. ed.).

Here, BSA and NUFIC have a ripe controversy regarding the existence and terms of the sixteen policies. BSA alleges that NUFIC issued sixteen specific policies that cover the Underlying Suits and that will likely cover the Potential Future Suits. In its Answer, NUFIC agrees that there is a present dispute over the existence and terms of those policies. (Dkt. 12 ¶ 1.) Notably, BSA is not asking for a determination of how the policy terms will apply to the

Potential Future Suits, because that would require the court to consider a hypothetical set of facts. The facts necessary to determine the existence and content of the policies presently exist and do not depend on any contingent future actions. BSA asked the Court to determine, based on the presently existing facts, the parties' legal relations vis-à-vis the policies.

NUFIC's motion focuses on the "eight corners" rule that Texas courts apply when determining coverage. However, NUFIC mistakenly believes BSA is also asking this Court to make a coverage determination for the Potential Future Suits. BSA is not. With regard to the Potential Future Suits, BSA simply wants to resolve, once and for all, the existence of the policies and the rights and obligations of NUFIC as the insurer and BSA as the insured. The parties can then utilize this judgment in coverage determinations when the Potential Future Lawsuits are filed.

**B.      Granting Declaratory Relief as to the Potential Future Suits Conserves Judicial Time and Resources**

The prohibition against issuing advisory opinions has a pragmatic aspect that seeks to "conserve 'judicial time and resources for real and current controversies, rather than abstract, hypothetical, or remote disputes.'" *Trinity Settlement Servs. v. Texas State Sec. Bd.*, 417 S.W.3d 494, 506 (Tex. App. 2013) (quoting *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998)).

As set forth above, BSA already received pre-suit claims that are likely to evolve into future litigation. To determine coverage issues for those suits, NUFIC and BSA will have to confront the same missing policy issues this Court is ruling on with regard to the Underlying Suits. BSA is not asking for a coverage determination for the Potential Future Suits, but merely a declaration of the terms under which the parties will determine coverage. It does not serve the

interests of the Court, or the parties, to re-litigate the existence and terms of the policies again in the future when this Court already has the issue before it.

**WHEREFORE, PREMISES CONSIDERED,** BSA prays that the Court issue an Order denying NUFIC's Motion for Partial Dismissal.  BSA additionally prays for all other and further relief, either at law or in equity, to which it may show itself justly entitled and will ever pray.

Respectfully submitted,

By:     */s/ Louis Chiafullo*
Louis Chiafullo
Admitted *Pro Hac Vice*
lchiafullo@mccarter.com
Kelly A. Lloyd
Admitted *Pro Hac Vice*
klloyd@mccarter.com
**McCARTER & ENGLISH, LLP**
100 Mulberry Street
Newark, NJ 07102
Telephone:    973-622-4444
Facsimile:    973-624-7070

R. Brent Cooper
Texas State Bar No. 04783250
Brent.Cooper@cooperscully.com
Lauren Tow
Texas State Bar No.
Lauren.Tow@cooperscully.com
**COOPER & SCULLY, P.C.**
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone:    214-712-9500
Facsimile:    214-712-9540

**ATTORNEYS FOR BOY SCOUTS OF AMERICA**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true copy of this document was served on all counsel of record via the Court's electronic filing system on the 16th day of September, 2015.


    */s/ Kelly A. Lloyd*
**KELLY A. LLOYD**