IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOY SCOUTS OF AMERICA, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | |
| § | CIVIL ACTION NO. 3:15-CV-02420-B | |
| NATIONAL UNION FIRE INSURANCE § | | |
| COMPANY OF PITTSBURGH, Pa., § | | |
|     Defendant. § | | |

**REPLY BRIEF IN SUPPORT OF NATIONAL UNION'S MOTION FOR PARTIAL DISMISSAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**

TO THE HONORABLE COURT:

Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") files this Reply Brief in Support of its Motion for Partial Dismissal under Federal Rule of Civil Procedure 12(b)(1), and in support would respectfully show:

### I.
### SUMMARY OF REPLY

Contrary to Boy Scouts of America's ("BSA") assertions, BSA's Complaint does expressly seek a judicial declaration concerning National Union's defense reimbursement and indemnity obligations with respect to "Potential Future Lawsuits." (Dkt. #1, ¶¶20, 25, 26). As addressed in National Union's moving papers, this portion of BSA's declaratory judgment claim is not ripe because adjudication of National Union's defense and indemnity obligations requires the existence of a claim or filed suit. (Dkt. #11). Absent a claim or suit, the Court has no basis to adjudicate these potential duties and would be compelled to issue an inappropriate advisory opinion speculating about National Union's potential obligations under a set of theoretical, non-existent allegations and facts. Rather than acknowledging this reality, BSA denies that its Complaint seeks such relief and, instead, attempts to recast its allegations as only requesting,

REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL DISMISSAL – PAGE 1

with respect to Potential Future Lawsuits, "that this Court (1) determine the existence and terms of the sixteen policies; and (2) issue a declaration that the determination is applicable to the Underlying Suits and any Potential Future Suits falling in [National Union's] policy years." (Dkt. #17, p. 2).  Indeed, BSA now claims that its Complaint "does not seek a ruling from this Court that [National Union] definitely has defense and coverage obligations for the Potential Future Suits." *Id*.  This argument, however, plainly contradicts the express allegations of the Complaint—BSA's only live pleading, which squarely requests a judicial declaration "to determine BSA's rights and National Union's duties regarding the…Potential Future Lawsuits, particularly National Union's obligation…to pay future defense costs and indemnity payments for Potential Future Lawsuits that implicate one or more of the National Union Policies."

Accordingly, because—as currently pled—BSA's declaratory judgment claim unambiguously requests a judicial declaration regarding National Union's defense reimbursement and indemnity obligations with respect to "Potential Future Lawsuits," that portion of BSA's declaratory judgment claim is not ripe and must be dismissed under Federal Rule of Civil Procedure 12(b)(1).

## II.
### ARGUMENT AND AUTHORITIES

**A.  As Currently Pled, BSA's Complaint Unequivocally Seeks a Declaration Regarding National Union's Potential Defense Reimbursement and Indemnity Duties With Respect to "Potential Future Lawsuits".**

BSA argues that "[National Union's] motion for partial dismissal confuses the relief BSA seeks" and that its Complaint does not seek a ruling concerning National Union's potential defense and coverage obligation for the "Potential Future Lawsuits." (Dkt. #17, p. 2).  Instead, with respect to the "Potential Future Suits," BSA now argues that its Complaint really only asks the Court to determine the existence and terms of certain policies and declare that the

determination is applicable to the Underlying Suits and any Potential Future Suits falling in National Union's policy years. (Dkt. #17, p. 2).

BSA's attempt to evade dismissal of its unripe claim is belied by the plain language of its Complaint.  In this regard, BSA's Complaint unequivocally alleges that "a judicial declaration is necessary to determine BSA's rights and National Union's duties **regarding the…Potential Future Lawsuits**, particularly National Union's **obligation**…**to pay future defense costs and indemnity payments for Potential Future Lawsuits** that implicate one or more of the National Union Policies." (Dkt. #1, ¶26) (emphasis added).  Indeed, BSA's allegations go even further, expressly requesting "a **declaration** that the **National Union Policies require National Union to pay**, up to the applicable policy(s) limits, **BSA's defense costs and settlement payments and/or judgments in Potential Future Lawsuits**, under one or more of the applicable National Union Policies." (Dkt. #1, p. 6) (emphasis added).

Thus, contrary to BSA's assertions, National Union is not mistaken about BSA's requested relief: BSA's Complaint plainly seeks a ruling from this Court regarding National Union's duties with respect to "Potential Future Suits," particularly concerning "National Union's obligation to pay future defense costs and indemnity payments for Potential Future Lawsuits." (Dkt. #1, ¶26).  This is exactly the sort of speculative, theoretical claim proscribed by the ripeness doctrine and is subject to dismissal under Federal Rule of Civil Procedure 12(b)(1).

    **B.**     **Under Well-Established Law, BSA's Claim Seeking Adjudication of National Union's Duties With Respect to "Potential Future Lawsuits" Is  Not Ripe and Subject to Dismissal as a Matter of Law.**

By refusing to acknowledge the existence of its express allegations seeking adjudication of National Union's duties regarding "Potential Future Lawsuits," BSA impliedly concedes that those allegations, as currently pled, impermissibly seek adjudication of a premature claim.  BSA

argues that it is not seeking a "coverage determination for the Potential Future Suits," even conceding that it is not requesting "a determination of how the policy terms will apply to the Potential Future Suits" because doing so would be tantamount to requiring "the court to consider a hypothetical set of facts." (Dkt. #17, pp. 3-4). As addressed above, however, BSA's Complaint does seek a coverage determination with respect to "Potential Future Suits" because it expressly seeks "a declaration that the National Union Policies require National Union to pay, up to the applicable policy(s) limits, BSA's defense costs and settlement payments and/or judgments in Potential Future Lawsuits, under one or more of the applicable National Union Policies" (Dkt. #1, p. 6).[1]

Under well-established precedent, declaratory judgment claims seeking adjudication with respect to unfiled or potential future lawsuits are not ripe and subject to dismissal as a matter of law. *See, e.g., American Const. Benefits Group, LLC*, 2014 WL 144974 at *1-4 (N.D. Tex. 2014) (dismissing declaratory judgment claim seeking adjudication of insurer's duties with respect to unfiled suit on ripeness grounds because without a filed suit it was not possible for the court to evaluate the insurer's potential defense and indemnity duties); *In re Jillian Morrison, LLC*, 482 Fed.Appx. 872 (5th Cir. [La.] 2012) (affirming district court's dismissal of declaratory judgment action seeking declaration of additional insured coverage for lack of ripeness because no complaint had yet been filed against the putative additional insured); *Union Ins. Co. v. Soleil Group, Inc.*, 465 F.Supp.2d 567 (D. S.C. 2006) (dismissing insurer's declaratory judgment claim seeking a declaration concerning its duties with respect to certain potential claims against its insured as not ripe because no suit had yet been filed).

---

[1] *See also* Dkt. #1, ¶26 ("By reason of the foregoing…a judicial declaration is necessary to determine BSA's rights and National Union's duties regarding…Potential Future Lawsuits, particularly…National Union's obligation to pay future defense costs and indemnity payments for Potential Future Lawsuits that implicate one or more of the National Union Policies.").

In the instant matter, a declaration of National Union's potential duties with respect to "Potential Future Lawsuits" would constitute nothing short of a nebulous advisory opinion premised on speculative, future events and allegations that may or may not ever occur or be alleged—the precise type of impermissible, theoretical adjudication the ripeness doctrine is supposed to guard against.

### III.
### CONCLUSION

Consequently, based on the foregoing, and for all the reasons enumerated in National Union's Supporting Brief (Dkt. #11), that part of BSA's declaratory judgment claim seeking a declaration of National Union's potential duties with respect "Potential Future Lawsuits" is not ripe and should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

WHEREFORE, National Union respectfully requests that the Court dismiss that portion of BSA's declaratory judgment claim seeking a declaration with respect to "Potential Future Lawsuits," and to grant all such other and further relief to which National Union may be justly entitled.

Respectfully submitted,

s/Ellen Van Meir
Ellen Van Meir
State Bar No.  00794164
evanmeir@thompsoncoe.com

David R. DuFlo
State Bar No. 24092364
dduflo@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Plaza of the Americas
Dallas, Texas 75201-2832
(214) 871-8200
(214) 871-8209 - FAX

COUNSEL FOR DEFENDANT, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, Pa.

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 28, 2015, a true and correct copy of the foregoing document was served through the CM/ECF Filing System to the following counsel of record:

| | |
|---|---|
| R. Brent Cooper | Louis Chiafullo |
| COOPER & SCULLY, PC | McCARTER & ENGLISH, LLP |
| 900 Jackson Street, Suite 100 | 100 Mulberry Street |
| Dallas, TX 75202 | Newark, NJ 07102 |
| **Counsel for Boy Scouts of America** | *Pro Hac Vice* **Counsel for Boy Scouts of America** |

s/Ellen Van Meir
Ellen Van Meir