UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOY SCOUTS OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:15-CV-2420-B |
| | § | |
| NATIONAL UNION FIRE INSURANCE | § | |
| COMPANY OF PITTSBURGH, PA, | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant National Union Fire Insurance Company of Pittsburgh, PA's (National) Motion for Partial Dismissal under Federal Rule of Civil Procedure 12(b)(1) (Doc. 10) [hereinafter Defendant's Motion]. At issue is whether Plaintiff Boy Scouts of America (BSA) may obtain a declaratory judgment obligating National to pay future defense costs and indemnity payments for currently unfiled potential future lawsuits. Finding no actual controversy under 28 U.S.C. § 2201, the Court GRANTS Defendant's Motion.

I.

BACKGROUND[1]

This is an insurance policy case. Between 1975 and 1978, National issued BSA sixteen excess liability insurance policies, also known as umbrella policies. Doc. 1, Pl.'s Orig. Compl. ¶¶ 1, 6. These umbrella policies provide coverage for claims that exceed the limits of BSA's primary insurance

---

[1] Background facts are taken from Plaintiff's Original Complaint (Doc. 1), accepted as true, and viewed in the light most favorable to the non-movant (BSA). *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

policy. In pertinent part, they provide coverage for excess legal defense costs and indemnification payments. *See id.* ¶ 16.

The relevant claims in this case arose from conduct occurring between 1975 and 1980 and involve accusations of bodily injury stemming from alleged sexual abuse by individuals connected to BSA. The claims fall into two categories: Actual Lawsuits and Potential Lawsuits. Actual Lawsuits include ongoing or concluded litigation where BSA is named as a defendant. Potential Lawsuits include pre-lawsuit claims that have not developed into actual litigation.

From the Actual Lawsuits, BSA maintains it has and will continue to incur defense costs, and may incur settlement or judgment costs that require indemnification. *Id.* ¶ 18. BSA maintains that the same may be true of the Potential Lawsuits. *Id.* ¶¶ 19–20. Despite this, National has "refused to participate in the defense or settlement of any of [Actual] Lawsuits," and will likely refuse to participate in the Potential Lawsuits that develop into actual litigation. *See id.* ¶ 15. For this reason, BSA now seeks a declaratory judgment to determine its rights and National's duties regarding the Actual and Potential Lawsuits, particularly: (1) "National Union's obligation to reimburse defense costs expended and settlement payments made by BSA in settlement of the [Actual] Lawsuits"; and (2) "National Union's obligation to pay future defense costs and indemnity payments for Potential Future Lawsuits that implicate one or more of the National Union Policies." *Id.* ¶ 26.

National moves to dismiss part of BSA's declaratory judgment claims. Specifically, it moves to have the portion seeking a declaration with respect to the Potential Lawsuits dismissed as not yet ripe. Doc. 11, Def.'s Br. in Supp. 1, 3. BSA disagrees, responding that it "simply wants to resolve, once and for all, the existence of the [umbrella] policies and the rights and obligations of [National] as the insurer and BSA as the insured," not to resolve whether the umbrella policies cover the

Potential Lawsuits. Doc. 17, Pl.'s Resp. 4. Defendant's Motion is now ready for review.

## II.

## LEGAL STANDARD

Where a court lacks the statutory power to adjudicate a case, it must dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction . . . any Court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Declaratory judgment is available only in circumstances where an "actual controversy" exists. *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000). That is, it is available only when the declaratory judgment action is ripe. *Id.* If the action is not ripe, it is not justiciable and must be dismissed. *See id.*

## III.

## ANALYSIS

Before addressing the merits, the Court must clarify the issue before it. National specifically moves to dismiss the portion of BSA's declaratory judgment claim that would establish National's "obligation to pay future defense costs and indemnity payments for Potential Future Lawsuits that implicate one or more of the [umbrella] Policies." Doc. 11, Def.'s Br. in Supp. 5. Put simply, National challenges any duty to defend or indemnify in the Potential Lawsuits.

In response, BSA makes clear that it "is not asking for a determination of how the policy terms will apply to the Potential Future Suits, because that would require the court to consider a hypothetical set of facts." Doc. 17, Pl.'s Resp. 4–5. Instead, BSA frames its complaint as a request

to establish the existence of the umbrella policies, BSA's rights, and National's obligations. *Id.* at 5. Essentially, BSA wants the Court to determine the existence and terms of the umbrella policies, and then declare that they apply to any Potential Lawsuits. *See id.* at 2.

BSA's argument does not address National's motion for partial dismissal. National requests dismissal on a narrow portion of BSA's claims. BSA counters by mounting a broad defense of the availability of declaratory judgment as to whether the umbrella policies exist, and if so, the nature of their terms. The Court assumes without deciding these claims are ripe, at least with respect to the Actual Lawsuits, because they can be decided as part of BSA's unchallenged breach of contract claims. But this does not address the substance of Defendant's Motion.

The correct issue is as National has presented it—whether the following question is ripe: does National have a duty to defend or a duty to indemnify BSA for the Potential Lawsuits.

A.   *Duty to Defend*

A complaint seeking a declaration of an insurer's duty to defend presents an actual controversy when the insured faces a pending lawsuit. *See Northfield Ins. Co. v. Women & Children's Res. Ctr., Inc.*, 116 F.3d 476, 1997 WL 255661, at *1 (5th Cir. 1997) (per curiam) (unpublished) ("A complaint requesting a declaration of an insurer's duty to defend a pending liability lawsuit presents a justiciable controversy." (citing *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273–74 (1941))). But such a complaint does not present an actual controversy when the insured faces an unfiled theoretical suit. *See, e.g., Am. Const. Benefits Group, LLC v. Zurich Am. Ins. Co.*, 3:12-CV-2726, 2014 WL 144974, at *3 (N.D. Tex. Jan. 15, 2014) ("[W]ithout an underlying lawsuit, there is no third-party pleading on which the court can predicate its judgment."); *Georgia Am. Ins. Co. v. Johnson*, 712 F. Supp. 530, 532 (S.D. Miss. 1989) ("It is only conjecture as to whether

any suit will be filed and such renders this cause of action premature."). This is because "the duty to defend is based upon the allegations in the pleadings." *Columbia Cas. Co. v. Georgia & Florida RailNet, Inc.*, 542 F.3d 106, 111 (5th Cir. 2008).

Texas follows the "eight corners" or "complaint allegation" rule to determine whether an insurer has a duty to defend. *St. Paul Fire & Marine Ins. Co. v. Green Tree Fin. Corp.–Texas*, 249 F.3d 389, 391 (5th Cir. 2001). Under the eight corners rule, courts consider two documents to determine an insurer's duty to defend: (1) the insurance policy and (2) the third-party plaintiff's pleadings in the underlying litigation. *ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 840 (5th Cir. 2012). "If the underlying pleadings allege facts that may fall within the scope of coverage, the insurer has a duty to defend; if the pleading only alleges facts excluded by the policy, there is no duty to defend." *Id.* Thus, without pleadings, the Court cannot determine whether an insurer has a duty to defend. *See Columbia Cas. Co.*, 542 F.3d at 111.

B.      *Duty to Indemnify*

A complaint seeking a declaration of an insurer's duty to indemnify may present an actual controversy only "after the underlying suit has been resolved." *Id.* (citing *Collier v. Allstate County Mut. Ins. Co.*, 64 S.W.3d 54, 62 (Tex. App.—Fort Worth 2001, no pet.)). This is because "the duty to indemnify only arises after an insured has been adjudicated, whether by judgment or settlement, to be legally responsible for damages in a lawsuit." *Id.* Thus, without an adjudicated dispute, the Court cannot determine whether an insurer has a duty to indemnify. *See id.*

C.      *Instant Case*

When deciding ripeness, "[t]he key considerations are [1] the fitness of the issues for judicial decision and [2] the hardship to the parties of withholding court consideration." *Choice Inc. of Tex.*

*v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987)). Here, BSA concedes that it has received pre-suit claims that have not evolved into actual litigation. Doc. 17, Pl.'s Resp. 4. Thus, for these Potential Lawsuits, any determination of National's duty to defend is premature because it is undetermined whether any suit will be filed. *See Georgia Am. Ins. Co.*, 712 F. Supp. at 532. Any determination of National's duty to indemnify is also premature because no Potential Lawsuit has reached judgment or settlement. *See Columbia Cas. Co.*, 542 F.3d at 111. Accordingly, neither determination presents an actual controversy. Therefore, neither is ripe for consideration, and it would not be fit for the court to issue a decision on either. Additionally, withholding court consideration would not inflict unnecessary hardship on the parties. The Court sees no harm in forgoing consideration at this time. Questions of policy coverage regarding the Potential Lawsuits have not yet arisen, and BSA will suffer no unnecessary hardship as it appears to request declaratory relief that falls outside the scope of Defendant's Motion.

## IV.

## CONCLUSION

For these reasons, Defendant's Motion for Partial Dismissal under Federal Rule of Civil Procedure 12(b)(1) (Doc. 10) is GRANTED. The Court finds the portion of BSA's declaratory judgment claims regarding National's duty to defend and duty to indemnify in Potential Lawsuits to be nonjusticiable. That portion is thus DISMISSED without prejudice.

SO ORDERED.

Dated: February 8, 2016.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE